IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES KYLE WILLIAMS,
      Plaintiff,

vs.                             Case No.: 5:16cv99/MMP/EMT

JULIE JONES, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Motion for Temporary Injunction (ECF No. 5). Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this action on March 23, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). He names as Defendants the Secretary of the FDOC, and members of the correctional staff at the Northwest Florida Reception Center (*id.*). Plaintiff alleged Defendants violated his rights under RLUIPA and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by depriving him of a package of "religious materials" which his wife ordered for him (*id.*). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages (*id.*).

In the instant Motion for Temporary Injunction, Plaintiff requests that the court issue a temporary injunction "enjoining Defendants, their officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them, from harassment, verbal abuse, retaliation, threats, physical violence, discrimination, negligence, [and] deliberate indifference" (ECF No. 5 at 1).  In support of his request, Plaintiff alleges the following:

> Plaintiff has been the victim of verbal abuse, threats of physical violence, harassment, retaliation, discrimination, negligence, deliberate indifference, medical malpractice, ADA Disability Act [sic] violation, RLUIPA Act [sic] violation, and Constitution [sic] violation . . . .

(ECF No. 5 at 2).  Plaintiff includes conclusory allegations that a temporary injunction is necessary to ensure his safety and protection; that he has an inadequate remedy at law; and that he will suffer immediate and irreparable injury, loss, and damage if a temporary injunction is not granted (*id.*).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.    The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4.    The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).

Here, Plaintiff failed to satisfy his burden of demonstrating the first factor, that there is a substantial likelihood that he will prevail on the merits.  In a separate order issued by this Court on May 18, 2016, Plaintiff was directed to submit an amended complaint, because his factual allegations failed to state a plausible claim for relief against the named Defendants (*see* ECF No. 8).  Because it has been determined that Plaintiff's complaint fails to state a claim as to the named Defendants, Plaintiff has

correspondingly failed to meet the prerequisites for injunctive relief.  Therefore, the

motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Injunction (ECF No. 5) be **DENIED**

**without prejudice**.

At Pensacola, Florida, this 20th day of May 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**